UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-20595-GAYLES/GARBER

UNITED STATES OF AMERICA

v.

JACK KACHKAR,

    Defendant.
    _____/

## ORDER AFFIRMING AND ADOPTING IN PART REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Barry L. Garber's Amended Report and Recommendation Concerning the Continued Appropriateness of the Appointment of the Office of the Federal Public Defender (the "Report") [ECF No. 142].

On February 16, 2017, a status hearing was held before Judge Garber on the appropriateness of the Office of the Federal Public Defender ("FPD") to continue to represent Defendant in this proceeding. [ECF No. 93]. Following the hearing, Judge Garber entered an Order terminating the FPD as Defendant's counsel concluding that Defendant had not met his burden of showing that he is entitled to court-appointed counsel. [ECF No. 97]. Defendant appealed the Order terminating the FPD's representation, and the undersigned referred the matter back to Judge Garber for further inquiry. [ECF Nos. 94, 103]. After evidentiary hearings on March 29, 2017, and June 29, 2017, Judge Garber entered the Report recommending that the FPD be discharged from further representation of Defendant because Defendant had not met his burden under 18 U.S.C. §3006A of showing that he is financially unable to retain counsel. Defendant timely filed Objections to the Report on August 21, 2017. [ECF No. 153].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If no objections are filed, the district court need only review the report and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); *see also* Fed. R. Civ. P. 72 advisory committee's note.

The Court, having conducted a *de novo* review of the record, takes no issue with Judge Garber's findings as to the general indigence, or lack thereof, of the Defendant. However, the Court is mindful that Defendant has been detained throughout these proceedings and will remain detained through his trial. Therefore, his ability to access any secreted funds is limited, at best, or impossible, at worst. Thus, while Defendant might not have been indigent before he was detained, his detention has effectively made him unable to retain counsel to represent himself.

The Court must balance its obligation to only appoint counsel for defendants who establish their indigency with this Defendant's Sixth Amendment right to counsel and his ability to maintain a defense, especially in light of his substantial loss of liberty if convicted. While Judge Garber afforded Defendant with multiple opportunities to fully comply with his reasonable requests for financial information, this Court had additional hearings related to Defendant's *pro se* access to the government's voluminous discovery and Defendant's ability to conduct his own discovery given the limitations imposed by his pre-trial detention. [ECF Nos. 129, 146]. The hearings revealed that Defendant, representing himself, would be unable to present an adequate defense at trial due to the circumstances of his pre-trial detention.

Given Defendant's current lack of access to funds to hire an attorney, the voluminous amount of discovery, the number of likely trial witnesses, and Defendant's inability to access and save electronic discovery and interview witnesses at the Federal Detention Center, the Court finds that the FPD should be appointed to represent Defendant in the interests of justice pursuant to 18 U.S.C. §3006A.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) the Amended Report and Recommendation Concerning the Continued Appropriateness of the Appointment of the Office of the Federal Public Defender [ECF No. 142] is **AFFIRMED AND ADOPTED IN PART**;

(2) the Office of the Federal Public Defender is appointed to represent Defendant;

(3) the Court will impose an assessment of $25,000.00 on Defendant, based on a reasonable amount of attorneys' fees to the Office of the Federal Public Defender, for deposit in the Treasury pursuant to 18 U.S.C. §3006A(f); and

(4) the government shall notify the Court in writing if it discovers any assets held by Defendant which would be material and require the Court's further analysis.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of September, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE